**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Derek Lamon Johnson,<br><br>Defendant. | Case No. 14-cr-130 (SRN/SER)<br><br>**MEMORANDUM OPINION AND ORDER** |

Carol M. Kayser and Sarah E. Hudleston, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Manvir K. Atwal, Office of the Federal Defender, 300 South 4th Street, Suite 107, Minneapolis, Minnesota 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter is before the Court on Defendant's Objections [Doc. No. 54] to Magistrate Judge Steven E. Rau's September 11, 2014 Report and Recommendation [Doc. No. 43], which recommended that Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Doc. No. 15] be denied in part and denied without prejudice in part.  For the following reasons, the Court overrules Defendant's Objections and adopts the Report and Recommendation in its entirety.

## II. BACKGROUND

On May 5, 2014, Defendant was indicted on one count of being a felon in possession of a firearm (armed career criminal). (Indictment at 1 [Doc. No. 1].) This charge resulted from a traffic stop conducted by Brooklyn Park Police Department Sergeant Elliot Faust of a vehicle driven by Defendant. At the motions hearing on July 14, 2014 in this case, the Magistrate Judge heard testimony from Sergeant Faust related to this event and received multiple exhibits into evidence, including a copy of the squad video from Sergeant Faust's squad car ("Govt.'s Ex. 1"), a copy of the squad video from Officer Kor Zoua Xiong's squad car, and several photographs. (Report and Recommendation dated Sept. 11, 2014 [Doc. No. 43] ("R&R"), at 2.)

The Magistrate Judge's Report and Recommendation ("R&R") thoroughly sets forth the factual and procedural background of this case, and the Court incorporates the R&R by reference and recites facts only to the extent necessary to rule on Defendant's Objections. Briefly stated, shortly before 8:00 p.m. on February 1, 2014, Sergeant Faust pulled over a vehicle driven by Defendant because the taillights were not illuminated. (July 14, 2014 Mot. Hr'g Tr. [Doc. No. 31] ("Tr."), at 7–8, 12–13.) Sergeant Faust approached the driver's side of the vehicle with a lighted flashlight and, according to his testimony, "immediately noted the smell of fresh marijuana coming from the vehicle" when Defendant rolled down the window. (Id. at 13–14; Govt.'s Ex. 1, at 19:59–20:01.) Sergeant Faust explained to Defendant that the vehicle's taillights were not working and asked to see Defendant's driver's license and insurance information. (Tr. at 13.) He also asked the passenger for identification and told Defendant and the passenger that he

2

noticed the odor of marijuana. (Id. at 14–15.) In addition, Sergeant Faust testified that he noticed green flakes that appeared to be marijuana on Defendant's shirt and that Defendant's seat was reclined "unusually far backwards." (Id.)

Sergeant Faust has worked in law enforcement for seven years and has training and experience in narcotics. (Id. at 5–6, 25.) He testified that, in his experience, individuals will recline their car seats in order to hide something behind the seat. (Id. at 14.) Sergeant Faust decided to conduct a narcotics investigation and requested backup. (Id. at 15–16.) When Officer Xiong arrived, Sergeant Faust told her that Defendant was sitting "back deep" in his seat, that Defendant had "green stuff" on his shirt that "look[ed] like weed," and that Defendant and the passenger were on federal probation and were "super nervous." (Govt.'s Ex. 1, at 20:04:50–20:05:10.) Sergeant Faust testified that when he approached the vehicle a second time, he noticed a new smell of "cologne or some type of deodorizer." (Tr. at 18.) According to Sergeant Faust, in his experience, individuals will use cologne or a deodorizer as a masking agent to conceal the smell of illegal narcotics. (Id. at 18–19.)

After Defendant and the passenger were removed from the vehicle and searched, Sergeant Faust, Officer Xiong, and a third officer conducted a search of the vehicle. (Id. at 20, 35.) Sergeant Faust testified that "[he] searched the vehicle because [he] detected the odor of fresh marijuana coming from the vehicle, and [he] also observed fresh marijuana particles inside the vehicle." (Id. at 21.) The officers found a mason jar containing marijuana in the vehicle's center console, a handgun behind the driver's seat, an ammunition magazine in the trunk, and a digital scale. (Id. at 21–23, 34, 37.)

Sergeant Faust testified that no tools used to smoke marijuana were found in the vehicle and that he could not recall whether he found a masking agent in the vehicle. (Id. at 29–32.) Sergeant Faust also collected a cell phone from Defendant. (Id. at 27.)

On June 6, 2014, Defendant moved to suppress the firearm, the jar with marijuana, and "personal items." (Mot. to Suppress Evid. Obtained as a Result of Search and Seizure [Doc. No. 15].) After the July 14 hearing, the parties submitted supplemental briefing [Doc. Nos. 40, 41]. The Magistrate Judge issued his R&R on September 11, 2014. He rejected Defendant's challenges to Sergeant Faust's credibility and made the following findings of fact:

> . . . Sergeant Faust smelled the odor of fresh marijuana, observed [marijuana flakes] on [Defendant's] shirt, and observed [Defendant] acting in a very nervous manner during his initial approach to [Defendant's] vehicle. The Court further finds that during his first approach to the vehicle Sergeant Faust observed the driver's seat, in which [Defendant] was sitting, and that the seat was reclined unusually far backwards. In addition, the Court finds that upon approaching [Defendant's] vehicle for a second time, Sergeant Faust detected the smell of cologne or other masking agent. Finally, the Court finds that Sergeant Faust observed [marijuana flakes] on both [Defendant] and the passenger during the course of their respective pat-down searches.

(R&R, at 14–15.) Based on these findings, the Magistrate Judge determined that there was reasonable suspicion to extend the scope of the initial traffic stop. (Id. at 15–18.) He also found that, "[u]nder the totality of the circumstances, there was ample probable cause to search [Defendant's] vehicle." (Id. at 19.) Accordingly, the Magistrate Judge recommended that Defendant's motion to suppress be denied to the extent that Defendant seeks the suppression of evidence seized during the search of the vehicle. (Id. at 20.) To the extent that the motion seeks to suppress the cell phone, the Magistrate Judge

recommended denial without prejudice. (Id. at 22.) He reasoned that, "[g]iven the very limited facts in the record regarding the cell phone, the absence of a legal argument by [Defendant], other than those already addressed . . . , and the critical import of suppression issues in a criminal proceeding, the Court declines to speculate regarding suppression of the cell phone." (Id.)

### III. DISCUSSION

#### A. Standard of Review

The district court reviews de novo those portions of the R&R to which an objection is made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b).

#### B. Defendant's Objections

Defendant objects to the Magistrate Judge's conclusion that, under the totality of the circumstances, Sergeant Faust had probable cause to expand the scope of the traffic stop and to search Defendant's vehicle. (Def.'s Mem. in Supp. of Objs. to the R&R, dated Oct. 8, 2014[1] [Doc. No. 54], at 9–10.) In particular, Defendant argues that "[Sergeant] Faust's account of what he observed is simply not believable." (Id. at 11.) First, Defendant argues that Sergeant Faust could not have observed marijuana flakes on him or the passenger because it was dark outside, they were both wearing dark shirts, Sergeant Faust did not put his head in the vehicle or shine his flashlight into the vehicle, and the marijuana flakes would have been too small to see if they were too small to take

---

[1] Although this document is dated October 8, 2014, it was filed on October 16.

into evidence. (Id. at 11–12.) Second, Defendant asserts that, while Sergeant Faust claimed that he smelled "fresh marijuana," the marijuana that was found in the vehicle was sealed in a jar and so the smell could not have traveled. (Id. at 12–14.) Defendant also asserts that Sergeant Faust only asked Defendant and the passenger if they had "smoked" marijuana. (Id. at 13.) Third, Defendant argues that, although Sergeant Faust claims to have smelled cologne, there was no evidence of cologne or a masking agent found in the vehicle. (Id.) Fourth, Defendant argues that the photographs show that Defendant's seat "was not all the way back" and that it would make sense for it to be reclined in any event because Defendant "is a bigger guy." (Id. at 14–15.) Finally, Defendant contends that anyone in his situation would have been nervous and that nervousness does not give an officer cause to search a vehicle. (Id. at 15–16.) Therefore, Defendant concludes, the firearm should be suppressed because it was found during an illegal search, as well as the cell phone, which was taken when Defendant was arrested as a result of the illegal search. (Id. at 17.)

### C. Probable Cause

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. As the Eighth Circuit has recognized:

> [a] traffic stop constitutes a seizure for Fourth Amendment purposes. To constitute a reasonable seizure, a traffic stop must be supported by, at a minimum, a reasonable, articulable suspicion that criminal activity is occurring. A traffic violation, however minor, provides probable cause sufficient to satisfy the constitutional reasonableness requirement. Once an officer has probable cause, the stop is objectively reasonable and any ulterior motivation on the officer's part is irrelevant.

6

United States v. Frasher, 632 F.3d 450, 453 (8th Cir. 2011) (internal citations and quotation marks omitted).  During a lawful traffic stop, it is permissible for an officer to "check the driver's license and registration, ask the driver about his destination and purpose, and request that the driver sit inside the patrol car."  United States v. Hogan, 539 F.3d 916, 921 (8th Cir. 2008) (citation and internal quotation marks omitted).  An officer may expand the scope of a traffic stop if the officer has "a reasonable, articulable suspicion that the person is engaged in criminal activity."  United States v. Binion, 570 F.3d 1034, 1039 (8th Cir. 2009) (citation omitted).  "Whether an officer has reasonable suspicion to expand the scope of a traffic stop is determined by looking at the totality of the circumstances, in light of the officer's experience."  United States v. Shafer, 608 F.3d 1056, 1062 (8th Cir. 2010) (citation and internal quotation marks omitted).

In addition, subject to a few specific exceptions, warrantless searches are per se unreasonable under the Fourth Amendment.  United States v. Brown, 634 F.3d 435, 438 (8th Cir. 2011) (citation omitted).  One of these exceptions, the automobile exception, allows police officers to conduct a warrantless search of a vehicle if they have probable cause to believe that the vehicle contains evidence of illegal activity.  Id. (citation omitted).  "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place."  United States v. Nolen, 536 F.3d 834, 839 (8th Cir. 2008) (citation and internal quotation marks omitted).

The Court finds that Defendant's objections regarding suppression of the evidence obtained during the search of the vehicle lack merit because Sergeant Faust had probable

7

cause to expand the scope of the traffic stop and to search Defendant's vehicle. As Sergeant Faust explained in his testimony, when he approached Defendant's vehicle the first time, he detected the smell of fresh marijuana, he observed what he believed to be marijuana flakes on Defendant's shirt, he observed that Defendant's seat was reclined unusually far backwards, and he thought Defendant was acting nervous. When he approached the vehicle for the second time, Sergeant Faust detected the smell of a cologne or deodorizer. According to Sergeant Faust, who has seven years of experience in law enforcement, as well as training and experience in narcotics, a reclined seat and deodorizers are often used to conceal incriminating evidence. Based on the totality of these circumstances, in light of Sergeant Faust's experience, Sergeant Faust had a reasonable, articulable suspicion that Defendant was engaged in criminal activity such that he permissibly expanded the scope of the traffic stop. Given these same circumstances, a reasonable person could also believe that there was a fair probability that contraband or evidence of a crime would be found in the vehicle. Accordingly, Sergeant Faust also had probable cause to search the vehicle.

Defendant's attacks on Sergeant Faust's credibility are insufficient to persuade the Court that Sergeant Faust's testimony was untruthful. First, although it was dark outside and Defendant may have been wearing dark clothing, Sergeant Faust was using a flashlight and was in very close proximity to Defendant when he observed what he believed to be marijuana flakes on his clothes. The fact that the flakes may have been small and difficult to weigh does not mean that they could not be seen. Second, although the jar of marijuana was sealed at the time Sergeant Faust claims to have smelled

marijuana, it is possible that the jar recently had been open. And, Sergeant Faust's question about "smoked" marijuana does not indicate that he did not smell "fresh" marijuana. Third, the fact that no cologne or masking agent was recovered from the vehicle does not indicate that Sergeant Faust was lying about smelling it. Fourth, Defendant's seat may have been reclined "unusually far backwards" even if it "was not all the way back," and even considering Defendant "is a bigger guy." And, fifth, as discussed above, Defendant's apparent nervousness was not the only basis for Sergeant Faust's decision to search Defendant's vehicle.

Accordingly, Defendant's motion to suppress evidence obtained during the search of the vehicle is denied. As the Magistrate Judge noted, however, there are limited facts and argument in the record regarding the seizure of the cell phone. Therefore, the Court will deny without prejudice Defendant's motion to suppress to the extent that it seeks suppression of the cell phone on grounds not addressed herein.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Objections to the Report and Recommendation [Doc. No. 54] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Doc. No. 43] is **ADOPTED**;

3. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Doc. No. 15] is **DENIED** to the extent that it seeks suppression of evidence seized during the search of the vehicle, and is **DENIED WITHOUT PREJUDICE** to the extent that it seeks suppression of a cell phone on grounds not addressed herein.

Dated: November 12, 2014
                                                        s/Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge